TIPPIN VS. PETTY.

1. Where a verdict is rendered for less than fifty dollars, an affidavit is not necessary to authorise the rendition of judgment.

2. Where there are two issues presented to a jury, and the finding s, of the issue, for the plaintiff, and an assessment of damage, &c.—the verdict will not be disturbed.

Error to the Circuit court of Limestone county.

Assumpsit for goods sold and delivered. Pleas, *non assumpsit* and *the statute of limitations*. The verdict was in the following words: " The jury find the issue for the plaintiff, and assess his damages at," &c. Judgment accordingly.

The plaintiff in error, assigned the following errors :

1. The judgment was for less than fifty dollars ; and there was no affidavit, of the plaintiff below, on which to authorise judgment on the verdict.

2. There were two issues in fact, and the finding of the jury was on one only, without specifying whether on the first or second plea.

*McClung*, for the plaintiff in error.
*Parsons*, contra.

COLLIER, C. J.—Two questions are raised by the assignment of errors in this case :—

1. That the verdict is for less than fifty dollars, and there was no *affidavit* made, to authorise the rendition of a judgment by the Circuit court.

7 P.                                56

2. That there were two issues in fact, and the finding of the jury was on one only, without designating which.

In regard to the first question, it was determined by this court in Cummings vs Edmundson, (5 Porter's Rep. 145,) that no affidavit was necessary to *prevent a nonsuit*, where the verdict is for less than fifty dollars. The decision, in that case, overrules the case of Carter vs. Dade, (1 Stew. R. 18)—and is considered by us, as a just exposition of the act of eighteen hundred and seven—(Aik. Dig. 269, sec. 67.)

In Moody vs. Keener, (see p. 218 of this vol.) it was decided, that where the matters submitted to a jury can be concluded from their finding, the verdict will serve as a sufficient warrant for a judgment. It is even " proper for the court to interpret the meaning of the jury, if their verdict be susceptible of interpretation, rather than refer the issue to another jury"—(Porter vs Rummery, 10 Mass. R. 66 ; Jenks et al. vs. Hallet et al. Caine's R. 60.)

In the case at bar, the jury say they " find the issue for the plaintiff, and assess his damages," &c. The fair and rational construction of the verdict is this, that the jury negative the defence interposed by the defendants, and find the matters in *issue* between the parties to be in favor of the plaintiff, and as a consequence, that he is entitled to recover damages, which they ascertain by their verdict.

There is, then, no error in the record—and the judgment is consequently affirmed.